1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TALVEER GILL, | CASE NO. C20-939 MJP |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL; |
| v. | |
| ALEJANDRO MAYORKAS, et al., | STRIKING MOTION TO SEAL |
| Defendants. | |

THIS MATTER comes before the Court upon Plaintiff's Motion to Seal (Dkt. No. 22) and Motion to Compel (Dkt. Nos. 23, 24). Having read the Motions, the Responses (Dkt. Nos. 27, 31), the Reply (Dkt. No. 32), and the related record, the Court concludes the Parties have not complied with the requirements for filing a motion to seal under Local Rule 5(g)(3) or the meet and confer requirement outlined in Local Rule 37(a)(1) and therefore STRIKES the Motion to Seal and DENIES the Motion to Compel.

//

//

**Discussion**

**A. Motion to Seal**

A motion to seal must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal." LCR 5(g)(3). Further, "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: i. the legitimate private or public interests that warrant the relief sought; ii. the injury that will result if the relief sought is not granted; and iii. why a less restrictive alternative to the relief sought is not sufficient." Id. Plaintiff's motion to seal includes none of this information. And although Plaintiff moves to seal information regarding "the existence" of "specific agency databases," he has filed a motion with redactions covering far more information. (See Dkt. No. 24.) The Government's response provides little additional information, advising the Court that the redacted material is "law enforcement sensitive" and "generally not known to the public or not appropriate for public disclosures." (Dkt. No. 27 at 2.) Having reviewed the brief in its entirety, the Court finds that the redactions are overbroad, and not specifically tailored to shield sensitive information. Therefore, the Court STRIKES the Motion without prejudice. The Parties may file a Stipulated Motion to Seal and a redacted motion to compel that conform with the requirements of the Local Rules within **14 days** of the date of this Order.

**B. Motion to Compel**

Under Local Rule 37(a)(1), "[a]ny motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." Plaintiff's

motion to compel did not include such a certification.  And although Plaintiff contends the Parties have satisfied the meet and confer requirement, the Parties only discussed Plaintiff's pending motion to compel on the phone once, and that was several weeks <u>after</u> Plaintiff filed the motion.  (<u>See</u> Dkt. No. 33, Declaration of Jason E. Ankeny, ¶ 8.).  Plaintiff also cites several emails between the Parties, but "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference."  LCR 37(a)(1).  The conference requirement is not simply a matter of form, rather "it facilitates a narrowing of the issues before they are presented to the Court."  <u>Bennett v. Homeq Servicing Corp.</u>, No. C06-874MJP, 2007 WL 3010427, at *1 (W.D. Wash. Oct. 12, 2007).

Finding, therefore, that Plaintiff has failed to satisfy the meet and confer requirement and that a good faith effort to resolve the Parties' conflict regarding the administrative record may prove fruitful, the Court ORDERS the Parties to meet and confer within **ten (10) days** of the date of this Order.  The Parties shall then file an expedited joint motion pursuant to LCR 37(a)(2), with (1) a certification that they have complied with the conference requirement; (2) a brief, one-page description of any issues the Parties were unable to resolve, and (3) the briefing on Plaintiff's motion to compel, if necessary.

**Conclusion**

Finding that neither Plaintiff's Motion to Seal nor Motion to Compel comply with the requirements of the Local Rules, the Court:

(1) STRIKES the Motion to Seal (Dkt. No. 22) without prejudice.  The Parties may file an amended Motion to Seal within **14 days** of the date of this Order;

(2) DENIES the Motion to Compel (Dkt. Nos. 23, 24) without prejudice and ORDERS the Parties to meet and confer within **ten (10) days** of the date of this ORDER.  The

- 3

Parties may then file an expedited joint motion pursuant to LCR 37(a)(2) that includes the following:

    a.   a certification that they have complied with the conference requirement;

    b.   a brief, one-page description of any issues the Parties were unable to resolve

    c.   the briefing on Plaintiff's motion to compel, if necessary.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 23, 2021.

Marsha J. Pechman
United States Senior District Judge