1
2
3
4
5
6
7
8             UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
9                       AT SEATTLE

10   TALVEER GILL,                          CASE NO. C20-939 MJP

11                  Plaintiff,              ORDER GRANTING MOTION TO
                                            COMPEL
12         v.

13   ALEJANDRO N MAYORKAS, TROY
     A MILLER, ADELE FASANO,
14
                    Defendants.
15

16       This matter is before the Court on Plaintiff's motion to compel, jointly submitted under

17   Local Court Rule 37. (Dkt. No. 42.) Having considered the motion, the Court finds Plaintiff has

18   made the requisite showing that the administrative record is not complete and that he has a

19   sufficient need for the records sought to meet the arbitrary and capricious standard of review.

20   Therefore, the Court GRANTS the motion.

21       Defendants are ORDERED to complete the administrative record within 30 days of the

22   date of this Order by producing all records considered directly or indirectly in the determination

23   that Plaintiff was inadmissible under 8 U.S.C. § 1182(a)(2)(C)(i), the decision to revoke his E-2

24

visa, the denial of entry at the Sumas Port of Entry on December 9, 2018, the decision to permit Plaintiff to withdraw his application for admission, and any subsequent review of these decisions. Such records include, but are not limited to, those relating to secondary inspection results, vehicle inspection results, phone inspection results, and Plaintiff's own sworn statements during any and all border crossings by Plaintiff from January 2017 through December 9, 2018, as well as any related email correspondence or other memoranda between or among U.S. Customs and Border Protection Officials, including Assistant Port Director John Dahm.

The relevant background is contained in the Order denying Defendants' motion to dismiss. (Dkt. No. 46.) In short, during a seven-hour stop at the Sumas Port of Entry on December 8, 2018, U.S. Border and Protection Officers informed Plaintiff they had canceled his E-2 visa due to his associations with people suspected to be involved in drug trafficking. (Dkt. No. 1 ("Complaint") at 3.) They denied him entry but permitted him to withdraw his application for admission, and he returned home to Canada.

When reviewing agency action under the Administrative Procedure Act, courts must review "the whole record" of the agency's decision. 5 U.S.C. § 706. The whole record "includes everything that was before the agency pertaining to the merits of its decision," whether considered directly or indirectly by decisionmakers. Goffney v. Becerra, 995 F.3d 737, 747 (9th Cir. 2021). While the documents an agency produces are presumed to form the complete record, they are not synonymous with "the whole record." Courts may examine evidence outside the documents produced by an agency under certain circumstances, such as when it appears the agency relied on documents not in the record produced. Id. at 748. A party challenging the record an agency has produced as incomplete must show "clear evidence to the contrary." Id.

There is "clear evidence" that the decisions at issue were based, directly or indirectly, on documents or other records that are not contained in the record Defendants have produced.  First, there is clear evidence that there are relevant records from before the December 8, 2018 stop.  In the affidavit submitted in support of his request for administrative review of these decisions, Plaintiff states that he was increasingly scrutinized by immigration officials after the murder of his brother-in-law, in January 2017.  He states specific details about multiple stops, how he was repeatedly referred to secondary inspection and how immigration officers inspected his car, searched his phone, and took down his sworn statements.  (Supplemental Certified Administrative Record at 51–60.)  He states that he was referred to secondary inspections four times from January through early February 2017 and eight times between July and December 2018, and that his phone was inspected on three of those occasions.  (Id. at 50–53.)  Defendants have not disputed any of these statements.

Defendants would have the Court believe that the December 8, 2018 stop should be viewed in isolation, as if disconnected from a dozen inspections which together indicate an ongoing investigative interest.  But the CBP officer's report of the stop—dated ten months later—shows that officers relied on additional information to make the stop in the first place.  The report states there was an "interdiction lookout from the NEXUS office" for Plaintiff in addition to a "silent lookout" for suspected involvement with a gang, because of his associations with his brothers-in-law.  (Id. at 74.)

In addition, the transcript of Plaintiff's December 8, 2018 interview shows the immigration officer asked questions that referred to facts outside of what Plaintiff provided in his answers.  Plaintiff states in his affidavit that the substance of the questions he was asked during the previous stops center on his relationships with his brothers-in-law, trips he took to Mexico

and Thailand, the financing of his berry farms, and other issues indicating an investigative interest in drug trafficking. (Id. at 51–60.) These are the same concerns reflected in the questioning at the December 8, 2018 stop. (See id. at 13–28.) Any records of the inspections from January 2017 through the December 8, 2018, and related documents, would have been considered at least indirectly in the decision to find Plaintiff inadmissible for involvement with drug trafficking under 8 U.S.C. § 1182(a)(2)(C)(i). But any such records are absent from the documents Defendants have produced as the administrative record.

Second, there is clear evidence that there are relevant documents or records relating to the agency's decision on administrative review. In an email dated April 17, 2020, Mr. Dahm states "there is enough information recorded in our systems that I believe support the [inadmissibility determination] as is." (Id. at 148.) No such information is included in the record. The record also includes substantive reviews of the inadmissibility determination by four other managers who all concluded the determination fell short of the required standard. (Id. at 149–190.) But there is no evidence of any similarly substantive review supporting the denial.

The Court must have "the whole record" to review the agency's decision. 5 U.S.C. § 706. Plaintiff has shown by "clear evidence" of significant gaps in the documents Defendants have produced as the record of the decisions at issue here, so the Court GRANTS the motion to compel.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 9, 2021.

_____
Marsha J. Pechman
United States Senior District Judge