The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TALVEER GILL,<br><br>                Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>                Defendants. | Case No. 2:20-cv-00939 MJP<br><br>DEFENDANTS' MOTION TO DISMISS BASED ON MOOTNESS<br><br>Note on Motion Calendar:<br>December 10, 2021 |

## I.   INTRODUCTION

Defendants file this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) because plaintiff's claims are now moot. Plaintiff, Talveer Gill ("Gill"), a citizen and resident of Canada, challenges the cancellation of his visa and denial of admission into the United States. Gill brings a single claim under the Administrative Procedure Act, ("APA") alleging that officials from U.S. Customs and Border Protection ("CBP") wrongfully found him to be inadmissible and cancelled his visa when he tried to enter the United States.

Plaintiff's claim is now moot because CBP has removed their prior inadmissibility determination challenged in this lawsuit. Plaintiff is not entitled to damages or a new visa, and he cannot obtain additional relief by continuing with this litigation.

MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

## II.   FACTUAL BACKGROUND

The U.S. Consulate in Vancouver, British Columbia issued an E-2 nonimmigrant visa to Gill in his capacity as Director of Operations for S&R Gill Farms, Inc.  S&R Gill Farms, Inc. operates two 40-acre berry farms in the State of Washington.  Complaint (Dkt. #1) at p. 3.  In August of 2016, Gill's visa was renewed by the U.S. Consulate for another five years.  *Id.* at ¶ 11.  An E-2 Visa permits a nonimmigrant alien who is developing and directing an enterprise of which he is an investor to seek admission to the United States.  *See* 8 U.S.C. § 1101(a)(15)(E)(i).

After Gill's brother-in-law was murdered and plaintiff attended his funeral, he started being referred to secondary inspection more often when he attempted to cross the border into the United States at the Sumas Port of Entry.  Complaint at ¶ 13.  Among other things, he was questioned about the finances of the farm, a trip to Thailand with individuals with ties to criminal activity, and his relationship and dealings with those individuals.  *Id.* at ¶ 13-26.

On December 9, 2018,[1] when applying for admission to the United States, Gill was interviewed by CBP Officer ("CBPO") Ottimer and CBPO Kooiker.  Complaint at ¶ 27.  During the interview, CBPO Ottimer transcribed Gill's statement.  *Id.* at ¶ 28.  They questioned Gill about past associations with a number of individuals.  *Id.* at ¶ 29.  Following the interview, Gill was asked to review his statement for accuracy and sign it.  Gill reviewed the statement twice and made changes both times before signing, though he now claims he was not given a copy of the statement to confirm his changes were made.  *Id.* at ¶ 31-32.  The CBPOs then cancelled Gill's visa based on suspicion that he was involved in drug trafficking, and, as a result, Gill withdrew his request for admission and returned to Canada.  *Id.* at ¶ 33, 47

---

[1] Plaintiff's Complaint states that he was denied admission into the United States on December 9, 2018, but the documents reflect that this occurred on December 8, 2018.  Complaint at ¶ 27.  The exact date is not material for purposes of this motion.

MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970
MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

In January of 2019, Gill, with the assistance of an attorney, filed an application for a new visa at the U.S. Consulate in Vancouver, British Colombia. Complaint at ¶ 35. Gill alleges he was interviewed by agents with Immigration and Customs Enforcement's ("ICE") Homeland Security Investigations ("HSI") as part of the process of evaluating his application for a new visa. *Id.* at ¶ 36. In January 2020, Gill, through an attorney, filed with CBP a "Request for Administrative Review," of the cancellation of his visa, which had occurred over a year earlier, and only after his subsequent application for a new visa was denied by the Department of State. *Id.* at ¶ 40. On April 27, 2020, Gill, through his counsel, was informed that the appeal had been denied. *Id.* at ¶ 42-43.

After plaintiff filed this lawsuit, CBP vacated the inadmissibility determination. Declaration of Brian Humphrey ("Humphrey Decl.") at ¶ 2.

### III.    ANALYSIS

In general, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the court lacks subject matter jurisdiction over the claim. Subject matter jurisdiction is a threshold issue that goes to the court's power to hear the case. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

Federal courts lack jurisdiction to consider moot claims. *See, e.g., Church of Scientology v. U.S.*, 506 U.S. 9, 12 (1992). "A case becomes moot - and therefore no longer a 'Case' or 'Controversy' for purposes of Article III - 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). The party alleging that the matter is moot bears a heavy burden to establish that it is so. *See, e.g, Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *In re Palmdale Hills Property, LLC*, 654 F.3d 868, 874 (9th Cir. 2011). "The court must be able to grant effective relief, or it lacks jurisdiction and must dismiss the appeal."

MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

*PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). "A federal court cannot issue an [sic] declaratory judgment if a claim has become moot." *Id.* at 1459.

This case is moot because the government has already done what plaintiff sought in this litigation: it has vacated CBP's December 8, 2018 inadmissibility determination. Humphrey Decl. at ¶ 2; Complaint at p. 13. In his response to defendants' motion to dismiss for lack of jurisdiction, plaintiff reiterated that he was seeking an order reversing that inadmissibility determination. Dkt. #43 at p. 16. CBP has now done that. That moots this case because "when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." *Rosemere Neighborhood Ass'n v. U.S. Envt'l Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d at 1458).

Plaintiff cannot obtain additional relief by continuing this litigation. Because this is an APA action, plaintiff cannot obtain damages. *See, e.g.,* 5 U.S.C. § 702 (granting judicial review in actions "seeking relief other than money damages" where numerous other prerequisites are satisfied); *see also Cato v. United States*, 70 F.3d 1103, 1111 (9th Cir. 1995). The APA generally prohibits "specific relief," in the sense that, "when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the correct legal standards." *PPG Indus., Inc. v. United States*, 52 F.3d 363 (D.C. Cir. 1995); *see also Palisades Gen. Hosp. v. Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005). Even if the Court were to find that CBP erred in finding plaintiff inadmissible, CBP has already removed the inadmissibility determination and a remand would serve no further purpose because the case is limited to a single admissibility determination made at a port of entry.

Plaintiff's Complaint seeks an order requiring CBP to "reverse" the visa cancellation, Complaint (Dkt. #1) at p. 13, but the Court lacks jurisdiction to compel the government to grant

MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

plaintiff a new visa. *See, e.g., Loza-Bedoya v. INS*, 410 F.2d 343, 347 (9th Cir. 1969) ("Though erroneous this Court is without jurisdiction to order an American consular official to issue a visa to any alien whether excludable or not."). Even if the Court had jurisdiction to grant that relief, there is no party before the Court that could issue a visa. CBP cannot provide Gill a new visa or restore a previously cancelled visa. 8 U.S.C. § 1201(a)(1); Declaration of John Dahm ("Dahm Decl.") at ¶ 2. And the State Department, which *does* have the authority to grant visas, is not a party to this action. Plaintiff has expressly stated that he is *not* seeking a new visa in this lawsuit. Dkt. #43 at p. 16. Plaintiff states that the visa at issue was granted in August 2016 for a term of five years, so even if it had not been cancelled, it would have expired by now. Complaint at ¶ 11. Because the visa would have expired by now on its own terms, there is nothing for the Court to resurrect, even if the State Department were a party. *See, e.g.*, *Pattar v. Sec'y, Dep't of State*, 16-cv-1015, 2016 U.S. Dist. LEXIS 132946, 2016 WL 5415306, at *3 (M.D. Fla. Sept. 27, 2016) ("In light of the foregoing, even if the Court were to grant Mrs. Pattar the relief requested, it does not have the power to resurrect her expired E-2 Visa.").

Nor can the Court order CBP to admit plaintiff into the country automatically because CBP is required by law to inspect all arriving foreign nationals. Complaint at p. 13 (seeking an order requiring defendants to admit him into the United States). At the port of entry, "[i]t is the immigration officer's responsibility to make certain the alien does not fall within any of the statutory categories barring admission." *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1156 (D.C. Cir. 1999); *see* 8 U.S.C. § 1225(a)(3) ("All aliens (including alien crewmen) who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States *shall* be inspected by immigration officers." (emphasis added)); Dahm Decl. at ¶ 3. The government is also statutorily required to exclude certain aliens who are inadmissible. 8 U.S.C. § 1182 (setting forth categories of

MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

inadmissible aliens, including for health and criminal reasons). Pursuant to those authorities, if plaintiff applies for admission into the United States again, CBP will still have to inspect him and determine that he is admissible – under the facts as they will exist at that unknown future date. Dahm Decl. at ¶ 4. Those facts are continually updated. *Id.* It is impossible to know whether plaintiff will be admissible or fall under an inadmissible category at an unknown date in the future when/if he seeks admittance into the United States at that time. Therefore, the Court cannot order CBP to admit him automatically and violate its statutory duty.

For the same reasons, a declaration that plaintiff's visa should not have been cancelled in December 2018 would have no practical benefit because CBP cannot issue a new visa, it has already vacated the inadmissibility determination, and it must inspect plaintiff and determine that he is admissible anew if he attempts to enter the United States again. As such, a declaration about the 2018 decision would simply be an advisory opinion, which demonstrates that the matter is now moot. *See, e.g., City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (explaining that "when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated … then it becomes impossible for the court to grant any effectual relief" and the opinion would be advisory) (internal citations and quotations omitted); *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1144 (9th Cir. 2016) ("A lawsuit - or an individual claim - becomes moot when a plaintiff actually receives all of the relief he or she could receive on the claim through further litigation."); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (explaining that in the context of declaratory judgments, there is a case or controversy where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.") (internal citation and quotation omitted).

MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

Nor can the Court order CBP to restore plaintiff's membership in the NEXUS program, which he claims CBP wrongfully cancelled in December 2018. This is because Plaintiff's membership in that Trusted Traveler program would have expired approximately three years ago on its own terms. Declaration of Brendan C. Blackmer at ¶ 5. At this point, he has to apply again for membership, and his application must be approved by both the United States and Canadian governments.[2] *Id.* at ¶ 6. Therefore, the United States cannot unilaterally restore plaintiff's membership, and he cannot obtain that relief through this litigation. *Id.* For all of those reasons, this case has become moot. *Cf. Pattar*, 2016 WL 5415306, at *3 (dismissing case as moot because the cancelled visa at issue "would have expired … more than four months before Mrs. Pattar initiated the instant action")

No exception to the mootness doctrine applies in this case. Even if a case is technically moot, a case may nevertheless be justiciable if one of three exceptions to the mootness doctrine applies: (1) where a plaintiff "would suffer collateral legal consequences if the actions being appealed were allowed to stand"; (2) where defendant voluntarily ceased the challenged practice; and (3) for "wrongs capable of repetition yet evading review." *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964-66 (9th Cir. 2007). The first exception does not apply because the inadmissibility determination has been withdrawn, so the challenged decision is no longer in effect. The third exception does not apply because, as set forth above, CBP will have to consider anew plaintiff's admissibility each time he applies for admission into the United States based on the facts as they exist at that point in the future. Therefore, there is no "reasonable expectation that the same party will confront the same controversy again." *Al Otro Lado, Inc. v. Nielsen*, 327 F. Supp. 3d 1284, 1302-03 (C.D. Cal. Aug. 20, 2018) (internal citations and quotations omitted). Nor is the underlying

---

[2] The Canadian government is not a party to this litigation.

MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

dispute "inherently limited in duration such that it is likely always to become moot before federal court litigation is completed." *Id.*; *Cammermeyer v. Perry*, 97 F.3d 1235 (9th Cir. 1996).

The second exception to the mootness doctrine is also inapplicable. The cessation of illegal activity in response to pending litigation will not moot a case unless the party alleging mootness can show that the "allegedly wrongful behavior could not reasonably be expected to recur." *Rosemere Neighborhood Ass'n*, 581 F.3d at 1173. The party asserting mootness bears a "heavy burden" in seeking dismissal and must show that it is "absolutely clear" that the allegedly wrongful behavior will not recur if the lawsuit is dismissed. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). In this case, the challenged conduct cannot reoccur even if plaintiff were to obtain a new visa and attempt to enter the United States again because each admissibility determination is based on the facts available at that time. Dahm Decl. at ¶ 4. Therefore, CBP will not be relying on facts identical to those presented in 2018 but will be relying on facts as they exist at least three years later. Therefore, none of the exceptions to the mootness doctrine apply and this case should be dismissed as moot.

## IV.  CONCLUSION

For all of the foregoing reasons, defendants respectfully request that the Court grant their motion and dismiss plaintiff's claims.

MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

Dated this 18th day of November, 2021.

        Respectfully submitted,

        NICHOLAS W. BROWN
        United States Attorney

        *s/ Sarah K. Morehead*
        SARAH K. MOREHEAD, WSBA #29680
        Assistant United States Attorney
        United States Attorney's Office
        700 Stewart Street, Suite 5220
        Seattle, Washington 98101-1271
        Phone: 206-553-7970
        E-mail: sarah.morehead@usdoj.gov

MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970