The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRCT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TALVEER GILL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>　　　　Defendants | No. 2:20-CV-00939-MJP<br><br>PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR: DECEMBER 10, 2021 |

　　　　Plaintiff, through undersigned counsel, hereby responds to the Motion to Dismiss (Dkt. #58) filed on behalf of the Defendants. Defendants seek dismissal of the claim under the Administrative Procedure Act ("APA") because Defendants state the action is moot and the court lacks proper jurisdiction. Dkt #58 at p.1 Plaintiff will set forth more fully below, the case is not moot because an exception to the mootness doctrine applies to this case. Accordingly, the court has jurisdiction to review a final agency action; the final decision Plaintiff is challenging affected the Plaintiff directly. Defendants' voluntarily reversal of the inadmissibility decision does not make this claim moot as it not absolutely clear that the alleged wrongful behavior could not be expected to recur based on Plaintiff's history with the Defendants. For these reasons, Plaintiff

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
NOTE ON MOTION CALENDAR: DECEMBER 10, 2021 - 1

Jason E. Ankeny, WSBA #52908
Jason E. Ankeny P.S. Inc.
130 N Central Ave. Suite 309
Phoenix, AZ 85004
(602) 606-8848
jason@ankenylawcorp.com
Attorney for the Plaintiff

respectfully opposes the Motion to Dismiss and asks the Court to deny the motion so that the case may continue on its merits.

**This Case is not Moot as Plaintiff would suffer collateral legal consequences if his Visa Cancellation were allowed to stand**

Defendants are incorrect to state that no exception applies to the Mootness Doctrine in this case. As Defendants stated in its initial motion, a case may nevertheless be justiciable if one of the three exceptions to the mootness doctrine applies. Dkt #58 at p. 7 Exceptions to the Mootness Doctrine are:

1. Where a plaintiff would suffer collateral legal consequences if the actions being appealed were allowed to stand;

2. Where defendant voluntarily ceased the challenged practice; or

3. For wrongs capable of repetions yet evading review. *Ctr for Biological Diversity v Lohn*, 511 F.3d 960 (9th Cir. 2007)

As a result of Defendants' actions Plaintiff was required to file this lawsuit in order to challenge the inadmissibility determination. Plaintiff has expended significant resources in order to keep his suit from being dismissed. Plaintiff was required to file 2 separate motions to compel in this matter in order to get the Defendants to produce the administrative record which is still deficient. Defendants' claim that because CBP removed its prior inadmissibility determination that the claim is now moot. Dkt #58 at p. 1. Defendants must fail to appreciate that by admitting the Defendants reversed the decision this matter falls squarely within the exceptions the court has set out regarding the mootness doctrine.

The first exception to the mootness doctrine would apply in the case at bar. Had Defendants not reversed its initial decision, Plaintiff would still be subject to the initial determination of

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
NOTE ON MOTION CALENDAR: DECEMBER 10, 2021 - 2

Jason E. Ankeny, WSBA #52908
Jason E. Ankeny P.S. Inc.
130 N Central Ave. Suite 309
Phoenix, AZ 85004
(602) 606-8848
jason@ankenylawcorp.com
Attorney for the Plaintiff

inadmissibility and as such would be subject to the legal consequences that it entails being inadmissible to the US. The administrative record produced thus far in this claim shows that Plaintiff was targeted over the course of several years. Photos were taken from his phone during a gauntlet of secondary inspections conducted by CBP. Dkt #1 at p.5 There is a high probability that without declaratory relief Plaintiff would still be subject to the same treatment and may be subjected to additional interviews as a result of Defendants' actions.

Further, the third exception to the mootness doctrine would apply as well because as Defendants state, CBP will have to consider anew Plaintiff's admissibility each time he applies for admission into the United States. Dkt #58 at p. 7 It is reasonable to expect that the Plaintiff will encounter the same controversy again as the CBP official who is reviewing the records will likely encounter the same materials that led to Plaintiffs erroneous cancellation of his E-2 visa. Defendants are correct when it states that CBP will be relying on facts as they exist 3 years later. Dkt #58 at p.8. These facts include the material relied upon to make the inadmissibility determination, the 2 administrative review requested by the Plaintiff prior to the commencement of this suit, and the reversal of that determination with no official explanation as to why. It is reasonable to expect that Plaintiff will encounter a different CBP officer who determines that Plaintiff is inadmissible based on his or her review of the record.

It is clear that this case is not moot as all 3 exceptions to the mootness doctrine apply. This court should deny Defendants' motion.

**The case is not moot as CBP's reversal of its prior decision does not make absolutely clear that Plaintiff will not be targeted in the future by CBP officials**

Alternatively, should the Court determine no exception to the mootness doctrine exists in this case, Defendants have not made it absolutely clear that it will not misinterpret the law and

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
NOTE ON MOTION CALENDAR: DECEMBER 10, 2021 - 3

Jason E. Ankeny, WSBA #52908
Jason E. Ankeny P.S. Inc.
130 N Central Ave. Suite 309
Phoenix, AZ 85004
(602) 606-8848
jason@ankenylawcorp.com
Attorney for the Plaintiff

subject the Plaintiff to improper behavior moving forward. In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968). "The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 132 S. Ct. 2277, 2287, 183 L.Ed.2d 281 (2012). "[I]f it did, the courts would be compelled to leave '[t]he defendant ... free to return to his old ways.' " ., *City of Mesquite*, 455 U.S., at 289, 102 S.Ct. 1070 (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953)). A defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur. *Concentrated Phosphate Export Assn.*, 393 U.S., at 203, 89 S.Ct. 361. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness. *Laidlaw*, 528 U.S. at 189, 120 S.Ct. 693 As the courts have reasoned in the above referenced cases there are circumstances which the prospect that a defendant will resume harmful conduct is not too speculative to overcome mootness. *Id*.

      This case specifically attacks the wrongful act of CBP targeting the Plaintiff and the ensuing wrongful visa cancellation at the Sumas Port of Entry on December 08, 2019. Defendants' facts are twisted. Defendants now claim that because the decision to reverse Plaintiff's

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
NOTE ON MOTION CALENDAR: DECEMBER 10, 2021 - 4

Jason E. Ankeny, WSBA #52908
Jason E. Ankeny P.S. Inc.
130 N Central Ave. Suite 309
Phoenix, AZ 85004
(602) 606-8848
jason@ankenylawcorp.com
Attorney for the Plaintiff

inadmissibility determination there is no relief the court can grant the Plaintiff. Defendant completely misapplies the law to reach their conclusion that this Court does not have jurisdiction over this matter. Plaintiff applied for entry to the United States with the proper visa, which was later wrongfully cancelled after he was found inadmissible for drug trafficking. At that point, Planitiff could no longer the US as CBP documented Plaintiff a drug trafficker[1] (Dkt. #30, at p. 146). As the court had determined in *Friends of the Earth*, reversing the inadmissibility determination alone does not make absolutely clear that the Plaintiff will not be targeted by CBP officials the next time he presents himself at the border and that his Visa will not be cancelled again as a result of this targeting. Defendants have not made clear that Plaintiff will not be subject to the same treatment when he presents himself at the border for admission into the United States.

Second, Defendants are incorrect to state that "because the visa would have expired by now on its own terms, there is nothing for the court to resurrect." Dkt #58 at p.5 Plaintiff was already in possession of a valid E-2 visa when CBP action interfered. Dkt #1 at p.3 The U.S. Consulate in Vancouver had issued Plaintiff's visa in 2011 and renewed his visa in 2017. *Id.* The Consulate never had an issue with Plaintiff in the past, and even selected him to participate in the interview waiver process for his E-2 renewal in 2016. *Id.* This suit is not an attack on a particular consular decision because Plaintiff is not asking this Court to review a consular officer's decision to issue or withhold a visa. Which is why Department of State is not a party. The relief Plaintiff

---

[1] "Any alien who the consular officer or the Attorney General knows or has reason to believe—
**(i)** is or has been an illicit trafficker in any controlled substance or in any listed chemical… or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so…
is inadmissible. 8 USC 1182(a)(2)(C)

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
NOTE ON MOTION CALENDAR: DECEMBER 10, 2021 - 5

Jason E. Ankeny, WSBA #52908
Jason E. Ankeny P.S. Inc.
130 N Central Ave. Suite 309
Phoenix, AZ 85004
(602) 606-8848
jason@ankenylawcorp.com
Attorney for the Plaintiff

seeks is not a resurrection of the expired visa, but rather a reversal of the arbitrary and capricious decision to cancel his E-2 Visa. As the decision has now been reversed, Plaintiff now seeks a declaration from the court that the decision was arbitrary and capricious and attorney's fees in the pursuit of the relief requested, which is within the courts power to do so. In fact, a precedent decision may be the only way Plaintiff will be reissued a new Visa.

**A Declaration from this Court will prove helpful When Plaintiff Reapplies for his Visa and Nexus Card**

Defendants are correct when it states that the court cannot order "CBP to admit Plaintiff into the country automatically because CBP is required by law to inspect all arriving foreign nationals". Dkt #58 at p. 5 Defendants' argument bolsters the need for the relief Plaintiff is requesting from the court regarding the arbitrary and capricious decision to cancel Plaintiff's visa. Plaintiff will be required to present himself at the border for admission into the United States. It is highly likely that when CBP officials review the record they will encounter records that infer that the Plaintiff is a "known drug trafficker", which may subject Plaintiff to the same type of injury that led to this suit. Additionally, a Declaration from this Court would help protect Plaintiff's rights and interests when Plaintiff applies once again to be readmitted to the Nexus program. When a foreign national applies for admission into the Nexus Program, it is a requirement that a US official interview the foreign national Nexus applicant just as Canadian officials interview US applicants. To state that CBP has input in the matter of reissuing a Nexus card is misleading; in fact its false. This CPB officer will have access to the administrative record produced so far and will likely encounter records that infer that Plaintiff is a "known drug trafficker" as Defendants have not provided any irrefutable evidence that this has been removed from the administrative record.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
NOTE ON MOTION CALENDAR: DECEMBER 10, 2021 - 6

Jason E. Ankeny, WSBA #52908
Jason E. Ankeny P.S. Inc.
130 N Central Ave. Suite 309
Phoenix, AZ 85004
(602) 606-8848
jason@ankenylawcorp.com
Attorney for the Plaintiff

Further, Plaintiff now has to deal with the fallout of being dragged into a classification as a known drug trafficker to which he clearly does not belong. The Defendants have not made it absolutely clear that the Plaintiff will not be further subjected to harassment because of this classification. Defendants have not shown that policies and procedures have been changed in response to this incident so that further injury is caused to other foreign nationals. Defendants have not shown that this classification has been reversed in their systems or how Plaintiff is to challenge a question posed by a CBP officer in secondary inspection about the December 2018 cancellation of his E-2 Visa. Defendants only state that "after plaintiff filed this lawsuit, CBP vacated the inadmissibility determination". Dkt #58 at p. 3 Such a statement from Defendants makes it seem as if Defendants reversed their inadmissibility determination as a result of the pending lawsuit, and not because Defendants acknowledged wrongdoing and took actions to prevent futher injury.

A declaration from this court stating that the decision to cancel his visa was arbitrary and capricious will make the process smoother for Plaintiff to reapply for his E-2 Visa and Nexus card and will serve to reverse the wrongs committed by Defendants.

## This Court Has the Authority to Grant the Relief Requested

The Defendants have once again misapplied *8 USC §1252* by claiming this Court cannot grant the relief requested. Defendants assert the statute provides that no court may enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien through expedited removal. *8 USC §1252(e)(1)(A)*. The Plaintiff was not subject to expedited removal, so that restriction does not apply to this case. The Court is not barred from entering the equitable relief sought by *8 USC §1252(e)(1)(A)* because this case does not involve

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
NOTE ON MOTION CALENDAR: DECEMBER 10, 2021 - 7

Jason E. Ankeny, WSBA #52908
Jason E. Ankeny P.S. Inc.
130 N Central Ave. Suite 309
Phoenix, AZ 85004
(602) 606-8848
jason@ankenylawcorp.com
Attorney for the Plaintiff

an action pertaining to an order to exclude an alien through expedited removal. The court can still provide declaratory relief.

Mootness requires that the issues no longer be live, that there be no legally cognizable interest for the court to grant any remedy against. See *Alaska center for the Environment v USFS*, 189 F3d 851 (9th Cir 1999). Voluntary actions of a litigant are rarely allowed to establish mootness. The central test for mootness is whether a court may grant any relief whatsoever. Regardless if the government reversed its position after protracted litigation, if there can be any effective relief to counteract the wrong action a case is not moot. See *Northwest Env'l Def Ctr v Gordon*, 849 F.2d at 1245 The effects of the violation must be completely and irrevocably eradicated for a defendant to meet the heavy burden of showing mootness. *FTC v Affordable media* 179 F.3d 1228 (9th Cir 1999). For the instant claim. The court may issue declaratory relief and attorneys fees as Defendants actions have in no way touched the declaratory relief sought by the Plaintiff. Dkt #1 at p.13

Plaintiff seeks to have this Court declare that Defendants' denial of Plaintiff's admission and subsequent cancellation of his visa was unlawful, arbitrary and capricious. Dkt. #1 at p. 13. The Court has the authority to do so under the APA, 5 USC §706. While the service unilaterally reversed course in its determination, it is within the court's discretion to declare the action improper.

Plaintiff also seeks an Order compelling Defendants to take such corrective action as may be appropriate. Dkt #1 at p. 13. This could include, but is not limited to, reversing the erroneous inadmissibility determination, which led to the cancelation of Plaintiff's visa, and a declaration that the actions taken to cancel Plaintiff's visa were erroneous.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
NOTE ON MOTION CALENDAR: DECEMBER 10, 2021 - 8

Jason E. Ankeny, WSBA #52908
Jason E. Ankeny P.S. Inc.
130 N Central Ave. Suite 309
Phoenix, AZ 85004
(602) 606-8848
jason@ankenylawcorp.com
Attorney for the Plaintiff

Furthermore, nowhere in the Complaint does it state that Plaintiff seeks for the Court to issue a new visa, and nowhere in the Complaint is there any cause of action against the Department of State. *See* Dkt #1 Plaintiff believes that with a judicial declaration that the inadmissibility determination was unlawful, he will be able to return to the Consulate to apply for a new visa through Department of State's normal procedures. There should be no need for judicial intervention against the Department of State, which is why that agency is not a party to this lawsuit. Customs and Border Protection is the proper defendant in this case.

## Conclusion

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny the motion to dismiss Plaintiff's case for mootness as Defendants failed to meet the high standard and further award Plaintiff's costs incurred in response to this motion.

Dated this 6th day of December,

___/s/Jason E. Ankeny___
Jason E. Ankeny,
Jason E. Ankeny P.S. Inc.
WSBA #52908
130 N. Central Ave. Suite 309
Phoenix, AZ 85004
(602) 606-8848
jason@ankenylawcorp.com
Attorney for the Plaintiff

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
NOTE ON MOTION CALENDAR: DECEMBER 10, 2021 - 9

Jason E. Ankeny, WSBA #52908
Jason E. Ankeny P.S. Inc.
130 N Central Ave. Suite 309
Phoenix, AZ 85004
(602) 606-8848
jason@ankenylawcorp.com
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

The undersigned, Counsel for Plaintiff, hereby certifies that on this date, a copy of the foregoing *Response to Motion to Dismiss* was served on all counsel registered for ECF service on the above docket.

Date: December 6, 2021

                  _/s/Jason E Ankeny_
                    Jason E. Ankeny

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
NOTE ON MOTION CALENDAR: DECEMBER 10, 2021 - 10

Jason E. Ankeny, WSBA #52908
Jason E. Ankeny P.S. Inc.
130 N Central Ave. Suite 309
Phoenix, AZ 85004
(602) 606-8848
jason@ankenylawcorp.com
Attorney for the Plaintiff

1
2
3  Exhibit A
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
NOTE ON MOTION CALENDAR: DECEMBER 10, 2021 - 11

Jason E. Ankeny, WSBA #52908
Jason E. Ankeny P.S. Inc.
130 N Central Ave. Suite 309
Phoenix, AZ 85004
(602) 606-8848
jason@ankenylawcorp.com
Attorney for the Plaintiff