The Honorable Marsha J. Pechman

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9    TALVEER GILL,                          Case No. 2:20-cv-00939 MJP

10                         Plaintiff,        DEFENDANTS' REPLY IN SUPPORT OF
                                             THEIR MOTION TO DISMISS BASED
11              v.                           ON MOOTNESS

12    ALEJANDRO MAYORKAS, *et al.*,

13                         Defendants.

14        This case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1)

15    because plaintiff's claims are now moot. Defendants have vacated the inadmissibility

16    determination plaintiff challenged in this lawsuit, and he cannot obtain additional relief by

17    continuing with this litigation.

18    **A. This Case Is Moot**

19        Federal courts lack jurisdiction to consider moot claims. *See, e.g., Church of*

20    *Scientology v. U.S.*, 506 U.S. 9, 12 (1992). "The court must be able to grant effective relief, or it

21    lacks jurisdiction and must dismiss the appeal." *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir.

22    1996). "A federal court cannot issue [a] declaratory judgment if a claim has become moot." *Id.*

23    at 1459.

24

25    REPLY IN SUPPORT OF                              UNITED STATES ATTORNEY
      MOTION TO DISMISS                           700 STEWART STREET, SUITE 5220
      2:20-cv-00939-MJP                              SEATTLE, WA 98101
      PAGE-1                                            (206) 553-7970

1

2       This case is moot because the government has already done what plaintiff sought in this

3   litigation: it has vacated CBP's December 8, 2018 inadmissibility determination.   Humphrey

4   Decl. (Dkt. #61) at ¶ 2; Complaint at p. 13. Vacating the challenged decision moots this case

5   because "when an administrative agency has performed the action sought by a plaintiff in

6   litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot."

7   *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009)

    (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d at 1458).

8       Plaintiff cites and mischaracterizes the holding in *FTC v Affordable Media*,

9   179 F.3d 1228 (9th Cir. 1999), arguing it stands for the proposition that the "effects of the

10  violation must be completely and irrevocably eradicated for a defendant to meet the heavy

11  burden of showing mootness."  Response (Dkt. #68) at p. 8.  The *Affordable Media* case does not

12  stand for that proposition.  Moreover, it includes facts not present here, including enforcing an

13  order for injunctive relief involving secreted assets, and the case did not involve review under the

14  APA of a decision that has been vacated like this case.  Even properly characterized, the case is

15  inapposite.[1]

16      Plaintiff also cites an incorrect legal standard, arguing that the case is not moot if the

17  Court can grant him "any relief whatsoever."  Response (Dkt. #68) at p. 8.  In fact, the Supreme

18  Court has held that a case is moot when an intervening event renders it impossible for the court

19  to grant "'any effectual relief whatsoever.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996)

20  (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895)).  A court cannot

21  grant any effectual relief where a party has already received the relief he sought in his lawsuit, as

22

23  _____

    [1] In the same vein, plaintiff claims that the government has incorrectly argued that 8 U.S.C. §1252 precludes the
24  relief plaintiff seeks, Response at p. 7, but that argument appears nowhere in defendants' motion.

    REPLY IN SUPPORT OF                                          UNITED STATES ATTORNEY
    MOTION TO DISMISS                                     700 STEWART STREET, SUITE 5220
25  2:20-cv-00939-MJP                                              SEATTLE, WA 98101
    PAGE-2                                                           (206) 553-7970

1

2

plaintiff has in this case when the challenged decision was vacated.  *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

Plaintiff cannot demonstrate that the Court can grant him effective relief if he continues to pursue this litigation.  He concedes that the Court cannot order defendants to pay him damages or grant him a new visa or a new NEXUS membership (or resurrect the ones that have expired). Instead, plaintiff argues that it would be "helpful" for this Court to grant a declaratory judgment stating that the prior (now vacated) decision was arbitrary and capricious so he can present that order when and if he applies for a new visa and/or NEXUS card.  Response at p. 6.  Plenty of declarations by this Court might be helpful, but that does not mean the Court is obligated to grant them or has the jurisdiction to do so now that the case has become moot.  Instead, in the context of declaratory judgments, there is a case or controversy where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (emphasis added; internal citation and quotation omitted).  There is no immediate and real controversy here because CBP has already vacated the inadmissibility determination.

17

18

19

20

21

22

23

In an attempt to create an ongoing controversy, plaintiff contends that some unspecified government record(s) lists him as a "known drug trafficker," a phrase he uses multiple times in quotes.  Response at p. 6.  But plaintiff cites nothing in the record to support that allegation and the record does not contain those words used about plaintiff.  Rather, the administrative record notes that CBP determined that plaintiff was inadmissible pursuant to INA 212(a)(2)(C)(i), but CBP has *vacated* that inadmissibility determination.  CAR at p. 146-147; Humphrey Decl. at ¶ 2. Plaintiff has not even tried to apply for admission into the United States, for a new visa, or for a

24

25

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-3

new NEXUS membership, so his speculation about what might happen (or what might be "helpful") when and if he does is insufficient to establish an immediate and real controversy or an injury redressable by this Court.  Gill Decl. (Dkt. #69) at ¶ 4-6; *see, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted) (holding that for a plaintiff to continue to have standing, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."); *Calderon*, 518 U.S. at 150 (quoting *Mills*, 159 U.S. at 653) (explaining that "federal courts may not 'give opinions upon moot questions or abstract propositions'").

Because the government has vacated the inadmissibility determination and the Court cannot grant further effective relief, this case is moot.

**B.      No Exception to the Mootness Doctrine Applies**

Plaintiff incorrectly argues that an exception to the mootness doctrine applies.  The first exception to the mootness doctrine does not apply because the inadmissibility determination has been withdrawn, so the challenged decision is no longer in effect.  *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964-66 (9th Cir. 2007) (explaining that an exception to the mootness doctrine applies where a plaintiff "would suffer collateral legal consequences if the actions being appealed were allowed to stand").  Plaintiff argues, "Had Defendants not reversed its initial decision, Plaintiff would still be subject to the initial determination of inadmissibility and as such would be subject to the legal consequences that it entails being inadmissible to the US." Response at p. 2-3.  Plaintiff's argument ignores reality; CBP has vacated the inadmissibility determination.  Plaintiff cannot continue to litigate this moot case based on facts that do not exist.

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

Plaintiff argues that by filing this lawsuit, he incurred attorney's fees and CBP vacated the inadmissibility determination.   However, the Supreme Court has rejected the "catalyst" theory that a plaintiff is entitled to maintain a lawsuit or obtain attorney's fees because defendants voluntarily changed their conduct because of the litigation.  *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 598-599 (2001) (holding that after the case became moot, plaintiffs were not entitled to an award of attorney's fees under a catalyst theory when defendant's voluntary change in conduct "lacks the necessary judicial imprimatur on the change."); *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002), as amended (Feb. 21, 2002) (applying the *Buckhannon* holding to a request for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A)).[2]   Therefore, plaintiff cannot continue this suit just because his complaint led to the change (without a court order requiring the change) or just to seek attorney's fees in a moot case.

The second and third exceptions to the mootness doctrine are also inapplicable.  *Ctr. for Biological Diversity*, 511 F.3d at 964-66 (exceptions to the mootness doctrine apply where defendant voluntarily ceased the challenged practice, and for "wrongs capable of repetition yet evading review.").   The cessation of illegal activity in response to pending litigation will not moot a case unless the party alleging mootness can show that the "allegedly wrongful behavior could not reasonably be expected to recur."  *Rosemere Neighborhood Ass'n*, 581 F.3d at 1173. In this case, CBP did not merely cease the challenged conduct; it *vacated* the challenged decision.  Moreover, both exceptions are inapplicable because, as plaintiff admits, if he seeks to

---

[2] EAJA, which can apply to an application for attorney's fees in an APA case, provides that in any action brought by or against the United States, "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds the position the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  Fee applicants may apply for "for fees and other expenses which show[ ] that the party is a prevailing party and is eligible to receive an award."  28 U.S.C. 2412(d)(1)(B).

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

enter the United States again, CBP's determination of whether he is admissible will be based on the facts as they exist at that time in the future, more than three years after CBP previously determined he was inadmissible in December 2018.  Response at p. 3 ("Defendants are correct when it states that CBP will be relying on facts as they exist 3 years later."); Dahm Decl. (Dkt. #59) at ¶ 4.  Plaintiff argues that a declaratory judgment would help him avoid the inspections he claims to have previously experienced at the border, but it would not because CBP is required to inspect every arriving foreign national.  At the port of entry, "[i]t is the immigration officer's responsibility to make certain the alien does not fall within any of the statutory categories barring admission."  *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1156 (D.C. Cir. 1999); *see* 8 U.S.C. § 1225(a)(3) ("All aliens (including alien crewmen) who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States *shall* be inspected by immigration officers.") (emphasis added); Dahm Decl. at ¶ 3.  The government is also statutorily required to exclude certain foreign nationals who are inadmissible. 8 U.S.C. § 1182 (setting forth categories of inadmissible aliens, including for health and criminal reasons).  Pursuant to those authorities, if plaintiff applies for admission into the United States again, CBP will still have to inspect him and determine that he is admissible – under the facts as they will exist at that unknown future date.  Dahm Decl. at ¶ 4.  Those facts are continually updated.  *Id.*  Therefore, a declaratory judgment would not and could not allow plaintiff to bypass inspections.  Nor could a declaratory judgment declare plaintiff admissible based on a future set of as yet unknown facts.  It is impossible to know whether plaintiff will be admissible or fall under an inadmissible category at an unknown date in the future when/if he seeks admittance into the United States at that time.  Therefore, a declaratory judgment about the propriety of an admission decision more than three years ago (that has been vacated) would be an

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

impermissible advisory opinion. *See, e.g., City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (explaining that "when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated … then it becomes impossible for the court to grant any effectual relief" and the opinion would be advisory) (internal citations and quotations omitted); *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1144 (9th Cir. 2016) ("A lawsuit - or an individual claim - becomes moot when a plaintiff actually receives all of the relief he or she could receive on the claim through further litigation."). Plaintiff's speculation about what might happen under a future, speculative set of facts should he seek to cross the border again does not mean that this Court can grant him effective relief or that the issue is sufficiently live to establish jurisdiction. *See, e.g., Lujan*, 504 U.S. at 560-61. Instead, the issue before the Court must be a "'real and substantial controversy, admitting of a specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 924 (9th Cir. 2000) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). Therefore, plaintiff cannot establish that this case is still live based on hypotheticals that might occur under new facts in the future.

The advisory nature of the opinion plaintiff is seeking, and the mootness of his claim, is all the more pronounced because plaintiff does not point to *specific* errors he claims CBP made that could arguably reoccur and be rectified in a future decision. Rather, he claims that CBP came to an erroneous conclusion based on the facts as a whole as they existed in 2018. Thus, the nature of plaintiff's claim further highlights that a declaratory judgment would be an impermissible advisory opinion about the now vacated 2018 decision that cannot reoccur.

MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

Because any future admission decision will be based on new facts, there is no "reasonable expectation that the same party will confront the same controversy again." *Al Otro Lado, Inc. v. Nielsen*, 327 F. Supp. 3d 1284, 1302-03 (C.D. Cal. Aug. 20, 2018) (internal citations and quotations omitted). Plaintiff's response does not claim that the underlying dispute is "inherently limited in duration such that it is likely always to become moot before federal court litigation is completed." *Id.*; *Cammermeyer v. Perry*, 97 F.3d 1235 (9th Cir. 1996). Accordingly, the third exception to the mootness doctrine does not apply for those additional reasons.

Therefore, none of the exceptions to the mootness doctrine apply and this case should be dismissed as moot. Defendants respectfully request that the Court grant their motion and dismiss plaintiff's claims.

Dated this 10th day of December, 2021.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Sarah K. Morehead*
SARAH K. MOREHEAD, WSBA #29680
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
E-mail: sarah.morehead@usdoj.gov

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:20-cv-00939-MJP
PAGE-8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970