1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | TALVEER GILL,

CASE NO. C20-939 MJP

11 |         Plaintiff,

ORDER GRANTING MOTION TO
DISMISS AND DENYING
MOTION TO COMPEL

12 |    v.

13 | ALEJANDRO N. MAYORKAS, et al.,

14 |         Defendants.

15

16      This matter is before the Court on Defendants' motion to dismiss for mootness, (Dkt. No.

17 58), and Plaintiff's second motion to compel supplementation of the administrative record, (Dkt.

18 No. 56).  Having considered the motion to dismiss and supporting declarations, (Dkt. Nos. 58–

19 61), Plaintiff's opposition, (Dkt. Nos. 68, 69), and the reply, (Dkt. No. 70), the Court GRANTS

20 the motion.  Therefore, the Court also DENIES Plaintiff's motion to compel as moot.

**Background**

21      Plaintiff Talveer Gill is a Canadian citizen and former holder of an "E-2" investor visa

22 who filed this action to challenge decisions by border officers to find him inadmissible and

23 cancel his visa at the Sumas Port of Entry in December 2018.  (Dkt. No. 1, Complaint; Dkt. No.

24

46.)  He seeks a declaration that the decisions were arbitrary, capricious, or contrary to law and an order directing Defendants to take corrective action including, but not limited to reversing those decisions.  (Compl. at 13.)  Defendants have vacated the inadmissibility determination and now move to dismiss based on the argument that Plaintiff's claims are moot.  (Dkt. Nos. 58–61.)

### Discussion

If a claim becomes moot, the Court lacks jurisdiction to render any relief because the claim has lost its present, live controversy, which must exist under Article III of the U.S. Constitution.  Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency, 581 F.3d 1169, 1172–73 (9th Cir. 2009).  "In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court lacks the ability to grant effective relief, and the claim is moot."  Id. at 1173 (internal quotation marks omitted).  Defendants contend Plaintiff's claims are moot because they have done what he asked—vacated the inadmissibility determination—and there is no further relief the Court can grant.

That argument invokes a well-known exception to the mootness doctrine based on a defendant's voluntary cessation of challenged activity.  See id.  As the Ninth Circuit recently reaffirmed: "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."  Native Vill. of Nuiqsut v. Bureau of Land Mgmt., 9 F.4th 1201, 1215 (9th Cir. 2021) (quoting Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)) (cleaned up).

In support, Defendants include a declaration from the Director of Field Operations of the Seattle Field Office for U.S. Customs and Border Protection:

> Based on my personal review of relevant government databases, I can attest that CBP's December 8, 2018 inadmissibility determination of Mr. Talveer Gill has been vacated by CBP.

1  (Dkt. No. 61, Declaration of Brian Humphrey ¶ 2.)  Defendants lack authority to guarantee

2  Plaintiff's entrance in the future because they must make admissibility determinations case by

3  case according to the facts that are known at the time.  8 U.S.C. § 1225(a)(1), (3); (Dkt. No. 59,

4  Declaration of John Daum ¶¶ 3–4.)  Even having a valid visa does not guarantee a right of entry.

5  8 U.S.C. § 1201(h).  Defendants also lack authority to issue a new visa—that responsibility lies

6  with consular officers, 8 U.S.C. § 1101(a)(9)—and Plaintiff does not seek an order to that effect

7  here.  (See Dkt. No. 68 at 5–6.)

8          Plaintiff cannot reasonably expect the alleged wrongful behavior to recur.  A border

9  officer reviewing the records Defendants maintain on Plaintiff would know that Plaintiff should

10  not be found inadmissible on the same facts because they would be able to see that determination

11  has been vacated.  (See Humphrey Decl. ¶ 2.)  Defendants would not vacate such a finding

12  unless they had concluded it were not supported by substantial evidence.  As a result, Defendants

13  have admitted their error and are not " 'free to return to [their] old ways.' "  Friends of the Earth,

14  528 U.S. at 189 (quoting City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982)).

15          Defendants' motion to dismiss is GRANTED and Plaintiff's second motion to compel is

16  DENIED as moot.  The clerk is ordered to provide copies of this order to all counsel.

17          Dated January 10, 2022.

18

19  Marsha J. Pechman
    United States Senior District Judge

20

21

22

23

24