UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TALVEER GILL, | CASE NO. C20-939 MJP |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| ALEJANDRO N. MAYORKAS et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's motion for reconsideration. (Dkt. No. 77.) Plaintiff asks the Court to reconsider its Order dismissing the Complaint as moot. (Dkt. No. 75.) The Court DENIES the motion.

**Discussion**

**A.    Legal Standard**

A motion for reconsideration is rarely granted. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling

1  law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.

2  2009).  The Local Civil Rules also make clear Plaintiff has a significant burden:

3      Motions for reconsideration are disfavored. The court will ordinarily deny such motions
       in the absence of a showing of manifest error in the prior ruling or a showing of new facts
4      or legal authority which could not have been brought to its attention earlier with
       reasonable diligence.

5  LCR 7(h).

6      Plaintiff argues the Court's decision was based on manifest error.  He gives two reasons:

7  (1) the Court misapplied the voluntary cessation exception to the mootness doctrine and did not

8  consider his supporting declaration; and (2) the Court did not consider other exceptions to

9  mootness.[1]

10     **B.**      **Plaintiff's Claim Is Moot**

11     A case is ordinarily moot "when an administrative agency has performed the action

12 sought by a plaintiff in litigation" because there is no further relief the Court can provide.

13 Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency, 581 F.3d 1169, 1173 (9th Cir. 2009).

14 That is the situation here.  In the Complaint, Plaintiff asserted a single claim—that Defendants'

15 decision to deny him entry and cancel his visa violated the Administrative Procedure Act

16 because it was unsupported by substantial evidence.  (Dkt. No. 1, "Complaint," ¶¶ 55–58.)  He

17 sought an order declaring that decision unlawful and directing Defendants to take appropriate

18 corrective action, "including, but not limited to, reversing the decision to cancel [Plaintiff's] visa

19 and admit [Plaintiff] to the United States."  (Id. at 13.)

20     Defendants determined Plaintiff was inadmissible, canceled his visa, and permitted him

21 to withdraw his application for admission in lieu of initiating expedited removal proceedings.

22

23 ─────────────────────
[1] Plaintiff also argues the Court misapplied the mootness doctrine as requiring all three exceptions be met.  (Dkt. No.
24 77 at 4.)  This is incorrect.  The Court did not analyze mootness that way.  (See Dkt. No. 75 at 2–3.)

(Dkt. No. 30, Supplemental Certified Administrative Record at 74.)  A border officer's authority to cancel a visa is predicated on an inadmissibility finding:

> An immigration officer is authorized to revoke a valid visa . . . if . . . The alien is notified . . . by an immigration officer at a port of entry that the alien appears to be inadmissible to the United States, and the alien requests and is granted permission to withdraw the application for admission.

22 C.F.R. § 41.122(e)(3).  The thrust of Plaintiff's claim was to challenge the inadmissibility determination.  The relief he sought has already been achieved because U.S. Customs and Border Patrol has vacated the determination.  (Dkt. No. 61, Declaration of Brian Humphrey ¶ 2.)

At this stage, there is no further relief the Court can provide.  A declaration that the inadmissibility determination lacked substantial evidence would only provide effective relief if it would lead to an order requiring Defendants to vacate or reverse it.  With respect to the visa, it is true that revoking it without a valid inadmissibility determination is outside the scope of a border officer's discretion.  22 C.F.R. § 41.122(e)(3).  But Plaintiff does not dispute that his E-2 visa would have since expired on its own terms, so an order directing Defendants to reverse that decision would not provide concrete relief, and he does not ask the Court to reinstate it or issue a new one.  Indeed, it is unclear how that could be achieved in this case because Defendants lack authority to issue a visa.  And the Court cannot order Defendants to admit Plaintiff to the United States because he has no such right and whether he is admissible is a decision that must be made on the facts available when he presents himself at the border.  See 8 U.S.C. §§ 1201(h), § 1225(a)(1), (3).  Therefore, there is no practical relief the Court can provide on Plaintiff's claim and the case is moot.  See Knox v. Serv. Empl. Int'l Union, 567 U.S. 298, 307 (2012).

### 1.    The exception for voluntary cessation does not apply.

Under this exception to mootness, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."

1    Ctr. For Biological Diversity v. Lohn, 511 F.3d 960, 965 (9th Cir. 2007) (internal quotation

2    marks omitted).  But the case is still moot "if subsequent events made it absolutely clear that the

3    allegedly wrongful behavior could not reasonably be expected to recur."  Native Vill. of Nuiqsut

4    v. Bureau of Land Mgmt., 9 F.4th 1201, 1215 (9th Cir. 2021) (internal quotation marks omitted).

5    Plaintiff argues Defendants have not shown it is absolutely clear they would not rehabilitate their

6    abandoned inadmissibility finding next time he seeks admission because they have acted in bad

7    faith, both in the facts giving rise to his claim and during this proceeding.  (Dkt. No. 77 at 5–6.)

8         This argument misses the mark.  With respect to Defendants' conduct preceding the

9    inadmissibility finding, he has not raised separate claims based on those alleged facts.  If he had

10   prevailed on the merits, Plaintiff could have asked the Court to declare the inadmissibility

11   determination unlawful and order Defendants to vacate it, but he has not shown there is anything

12   further the Court could deliver.  As for Defendants' conduct during litigation, Plaintiff's

13   allegations are irrelevant to whether his claim is moot.  Ultimately, Plaintiff fails to appreciate

14   the limited scope of his claim.  He seeks a guarantee that he will be admitted to the United

15   States, but that is beyond what Defendants or the Court can provide.

16            2.    *The exception for collateral legal consequences does not apply.*

17        Another exception to mootness applies "where an appellant would suffer collateral legal

18   consequences if the actions being appealed were allowed to stand."  Ctr. For Biological Diversity

19   v. Lohn, 511 F.3d 960, 964–65 (9th Cir. 2007) (internal quotation marks omitted).  By its own

20   terms, the exception applies to appeals.  Pub. Utilities Comm'n of State of Cal. v. FERC, 100

21   F.3d 1451, 1460 (9th Cir. 1996) ("This exception is most commonly applied in habeas corpus

22   proceedings where the petitioner has subsequently obtained the relief sought"); Koppers Indus.,

23

24

1   Inc. v. U.S. E.P.A., 902 F.2d 756, 758 (9th Cir. 1990) (this "exception occurs where the trial

2   court's order will have possible collateral legal consequences").

3           Plaintiff claims he has suffered adverse consequences as a result of being found

4   inadmissible—his visa was cancelled, he was unable to tend to his business in person, and he

5   feels stigmatized by the whole affair and unfairly branded as being involved with drug

6   trafficking.  (Dkt. No. 69, Declaration of Talveer Gill.)  These are not the kind of consequences

7   this exception contemplates because they are not caused by a decision by this Court left

8   unreviewed on appeal.  They flow from the inadmissibility determination, which has been

9   vacated, and Plaintiff has not asserted separate claims that might remedy those harms.

10          3.      *The exception for wrongs capable of repetition does not apply.*

11          Finally, the third exception to mootness, for "wrongs capable of repetition yet evading

12  review," applies only when two criteria are met:

13          First, there must be a reasonable expectation that the same complaining party will
            be subject to the same injury again.  Second, the injury suffered must be of a type
14          inherently limited in duration such that it is likely always to become moot before
            federal court litigation is completed.

15  Ctr. For Biological Diversity, 511 F.3d at 965 (internal quotation marks and citation omitted).

16  Plaintiff does not have a reasonable expectation that he will be subject to the same injury again.

17  Defendants have vacated the inadmissibility determination; whether he is admissible in the future

18  will depend on the facts at the time.  It is speculative whether he will run into the same problem

19  next time.  In addition, Plaintiff has not shown this is the type of injury that is "inherently limited

20  in duration such that it is likely always to become moot before federal court litigation is

21  completed."  Defendants maintained the inadmissibility finding for three years, which was long

22  enough for Plaintiff to challenge it administratively and in federal court.  And Defendants

23  vacated the decision; it did not expire on its own.

24

1       Plaintiff's motion for reconsideration is DENIED.  The clerk is ordered to provide copies

2   of this order to all counsel.

3       Dated February 11, 2022.

4

5                                                        Marsha J. Pechman
                                                         United States Senior District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR RECONSIDERATION - 6